

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# Heilman v. T.W. Ponessa and Ass

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Heilman v. T.W. Ponessa and Ass" (2009). *2009 Decisions.* Paper 2036.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2036

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1667

———

CRAIG HEILMAN,
                    Appellant

v.

T.W. PONESSA AND ASSOC.; MOLLY SIMMON;
KIM MCDERMOTT; RACHEL RAUSER;
CINDY MERRYMAN; CLINTON COUNTY

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01308)
District Judge: Hon. John E. Jones, III

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before:  SLOVITER and BARRY, Circuit Judges, and
POLLAK*, District  Judge

(Filed: January 14, 2009)

———

OPINION

———

_____

    * Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

Craig Heilman appeals the District Court's dismissal under Fed. R. Civ. P. 12(b)(6) of his civil rights case, brought under 42 U.S.C. § 1983, against probation officers Kim McDermott, Rachel Rausher, and Cynthia Merryman; the counseling facility of T.W. Ponessa & Associates and its employee, Molly Simmons; and Clinton County (collectively, "Defendants" or "Appellees"), for alleged constitutional violations related to the revocation of his probation and his subsequent incarceration. We will affirm.

**I.**

In February 2002, Heilman was charged in the Pennsylvania Court of Common Pleas of Clinton County with sexually assaulting his fifteen-year-old daughter. He consistently denied his guilt, and he withdrew a nolo contendere plea to one count of incest, but he later rescinded the withdrawal of his plea. On August 4, 2003, Heilman was sentenced to thirty-six months probation, with the condition that he participate in a sex offenders' treatment program. Heilman was initially assigned to Appellee Rachel Rausher, a probation officer in Clinton County, but his probation was transferred to York County, where he was assigned to Appellee Kim McDermott as his probation officer.

In September 2003, Heilman went to T.W. Ponessa and Associates ("T.W. Ponessa"), a private counseling center, to sign up for a sex offenders' treatment program. At his evaluation meeting, Heilman refused to sign paperwork stating that he was guilty of the crime of incest. A week later, Appellee Molly Simmons, a counselor at T.W. Ponessa, and probation officer McDermott informed Heilman that he would be in

2

violation of his probation if he did not sign the paperwork. Heilman then signed the

paperwork and attended two or three meetings at T.W. Ponessa. Because Heilman

continued to deny having committed incest, his participation in the sex offenders'

treatment program was terminated upon the recommendation of Appellee Simmons.

Probation officer McDermott then ordered Heilman's probation back to Clinton

County and, upon information received from McDermott, probation officer Rausher

issued a violation of probation on October 20, 2003. Heilman was detained at York

County Prison on October 21, 2003 and then was transferred to Clinton County Prison on

October 22, 2003. At Heilman's probation revocation hearing on November 17, 2003,

the court informed Heilman that he was entitled to Gagnon I and Gagnon II hearings, but

neither was held.[1]

On June 14, 2004, the Clinton County Court of Common Pleas held a re-

sentencing hearing, and the court imposed a 20 - 120 month prison sentence, which

Heilman appealed to the Pennsylvania Superior Court. On June 1, 2005, the Superior

Court held that Heilman had been provided a Gagnon I hearing, which established that

---

[1] In Gagnon v. Scarpelli, the Supreme Court held that a person accused of violating the terms of his probation was entitled to two hearings before revocation and re-sentencing. See Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973). The first, a Gagnon I hearing, serves to determine whether there was probable cause for the probation revocation. Gagnon, 411 U.S. at 782. The second, a Gagnon II hearing, determines whether the person in fact violated the conditions of his or her probation and whether s/he should be incarcerated. Commonwealth v. Sims, 770 A.2d 346, 349 (Pa. Super. Ct. 2001) (citing Gagnon, 411 U.S. at 784).

probable cause existed for the revocation of his probation, but because Heilman was not provided with the requisite Gagnon II hearing, the Court reversed Heilman's prison sentence and remanded the case for further proceedings.

The Clinton County Court of Common Pleas released Heilman from prison on July 18, 2005, dismissed the petition for his probation revocation, sentenced him to thirty-six months probation, and issued an order for Heilman to pay fines and costs in the amount of $ 6,418.67, pay the costs of mental health treatment for his victim, and engage in 500 hours of community service.

In the summer of 2003 before Heilman was incarcerated, he had undergone a series of spinal surgeries. Heilman claims that his doctors sent to Clinton County Prison documentation regarding his need for prescribed medication and physical therapy, but prison officials provided neither. According to Heilman's complaint, while he was incarcerated, he "experienced three ruptures for which [he] never received any treatment," and was denied reading glasses and "an appliance for . . . treatment of [temporomandibular joint disorder]." App. at 60 ¶ 72-73. Heilman claims that, as a result of this alleged improper medical treatment, he suffers from numerous painful ailments and is unable to work.

On July 18, 2007, Heilman filed a complaint in the District Court for the Middle District of Pennsylvania, and an amended complaint on September 14, 2007. Heilman alleges that the probation officers violated his Fourth and Fourteenth Amendment rights, that T.W. Ponessa and Appellee Simmons generally violated his constitutional rights "by

4

forcing him to admit guilt to a crime of which he never pled guilty or was convicted," and that Clinton County violated his Eighth Amendment rights "by failing to provide [him] with necessary medical care." App. at 61 ¶ 79-80, 83. Heilman seeks compensatory and punitive damages, costs, and attorney's fees.

All Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The District Court granted each Defendant's motions on every ground, and Heilman timely filed this appeal. Because we affirm the District Court's holdings on at least one of the grounds given by the District Court, we do not reach every ground discussed by the District Court.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is plenary. Stevenson v. Carroll, 495 F.3d 62, 65 (3d Cir. 2007). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

## III.

### 1.    Appellees McDermott, Rausher, and Merryman

The District Court correctly construed Heilman's allegations that the probation officers violated his Fourth and Fourteenth Amendment rights as claims for false

5

imprisonment and malicious prosecution. Each probation officer sought dismissal on three grounds: (1) statute of limitations; (2) failure to state a claim; and (3) qualified immunity. The District Court found that each ground warranted dismissal of the claims.

In order to establish a claim for false imprisonment or malicious prosecution, Heilman must show that his probation was revoked without probable cause. See Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (Section 1983 claim for false imprisonment under the Fourth and Fourteenth Amendments cannot be established if the detention in question resulted from an arrest based on probable cause); Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (to establish a Section 1983 claim for malicious prosecution under the Fourth and Fourteenth Amendments, plaintiff must show that "the proceeding was initiated without probable cause").

The doctrine of collateral estoppel bars both claims because the Pennsylvania Superior Court has already decided that Heilman's November 14, 2003, hearing established that the revocation of his probation was based on probable cause. Because Heilman cannot re-litigate the issue of probable cause, see Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993), he cannot state a claim for false imprisonment or malicious prosecution.

## 2. Appellees T.W. Ponessa and Simmons

Heilman's complaint alleges that T.W. Ponessa and Simmons "violated [his] rights by forcing him to admit guilt to a crime of which he never pled guilty or was convicted," App. at 61 ¶ 80, and he argued before the District Court that they "conspired with the

6

probation officers to violate his Fourth and Fourteenth Amendment rights by providing the impetus for his probation revocation and arrest," App. at 36. Heilman does not specify a theory of liability for his claims against T.W. Ponessa and Simmons, but appears to argue that their actions contributed to his alleged false imprisonment and malicious prosecution. For the same reason discussed above with respect to the same claims against the probation officers, the false imprisonment and malicious prosecution claims against T.W. Ponessa and Simmons were properly dismissed.[2]

### 3. Appellant Clinton County

Heilman claims that Clinton County violated his rights under the Eighth Amendment by "failing to provide [him] with necessary medical care . . . [and] engag[ing] in a policy, custom and practice of denying proper medical care to inmates." App. at 61-62 ¶ 83-84. Clinton County moved to dismiss on two grounds: (1) statute of limitations and (2) "fail[ure] to state a claim for municipal liability under § 1983," as required by Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978). App. at 40. The District Court dismissed the claim against Clinton County on both grounds.

We limit our consideration to the statute of limitations. The parties agree that the applicable statute of limitations period is two years and the cause of action accrues "when

---

[2] Though the District Court gave different reasons for dismissing the claims against T.W. Ponessa and Simmons, "[w]e may affirm a District Court's judgment on grounds other than those considered by the District Court itself." Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001) (citing Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983)).

the plaintiff knew or should have known of the injury upon which its action is based."

Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Heilman does not specify when he was denied medical treatment by Clinton County, but

any deprivations must have occurred after he was incarcerated on October 21, 2003, and

before he was released on July 18, 2005. Because Heilman filed his complaint on July

18, 2007 – exactly two years after his release – and he was certainly aware that he was

denied medical treatment before the day he was released, his claim against Clinton

County is barred by the statute of limitations.

We note that Heilman in the District Court claimed that the "continuing violations

doctrine" tolled the statute of limitations. As noted above, he has not made this argument

on appeal. However, we note that he would not prevail on this theory. "To establish that

a claim falls within the continuing violations theory, the plaintiff must do two things.

First, he must demonstrate that at least one act occurred within the filing period: The

crucial question is whether any present violation exists. Next, the plaintiff must establish

that the [alleged wrong] is more than the occurrence of isolated or sporadic acts." West v.

Philadelphia Elec. Co., 45 F.3d 744, 754-55 (3d Cir. 1995) (quotations omitted)

(emphasis omitted). The burden is on the plaintiff to show that the continuing violation

doctrine applies. Id. As the District Court correctly reasoned:

> In this case, Heilman has not met step one of his burden. He has not alleged
> any act that occurred during the limitations period, and it is extremely
> unlikely that [he] can do so. Heilman's complaint was filed on July 18,
> 2007, and Heilman was released from Clinton County Prison on July 18,
> 2005. Thus, only if Heilman can demonstrate that a denial of adequate

8

medical care occurred on the day he was released would the continuing violations doctrine apply. Even if Heilman had made such a showing, he has not established that Clinton County's alleged wrongs were more than isolated or sporadic acts.

App. at 43. The District Court therefore did not err in dismissing the suit on the timeliness ground.[3]

## IV.

For the above-stated reasons, we will affirm the District Court's grant of Appellees' motions to dismiss Heilman's claims under Fed. R. Civ. P. 12(b)(6).

---

[3] We also note that Heilman fails to argue that the District Court erred in holding that his claim against Clinton County was barred by the statute of limitations. As an alternate basis for our disposition, we hold that he has waived that claim. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.") (citation omitted).